IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RODNEY TYREE HICKS                                                    PLAINTIFF

v.                                  Civil No. 1:26-cv-01018

CORLEY TRUST LLC, *et al*                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action filed by Rodney Tyree Hicks.  Plaintiff claims this Court has federal question jurisdiction over this case.  ECF Nos. 1 and 9. Plaintiff has filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction.  ECF Nos. 1 and 3.  Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").  This case is before the Court for preservice screening.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen a complaint filed *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

I.     **Background**

Plaintiff filed this action *pro se* on April 14, 2026.  ECF No. 1.  On this same date, the Court granted Plaintiff's IFP Application but ruled the matter of service would be determined at a later date.  ECF No. 5.  Because it was unclear to the Court what causes of action were being asserted by Plaintiff in his Complaint, the Court ordered Plaintiff to complete an addendum to his Complaint which required Plaintiff to provide the basis for federal court jurisdiction and to provide

1

how Defendants were to be served with his Complaint.  ECF No. 7.  The Court also directed Plaintiff to provide details on the parties to this matter and interests being represented.  *Id.*  Plaintiff filed his Addendum on May 15, 2026.  ECF No. 9-1.

Plaintiff's claims relate to allegations that the Defendants have extracted oil and gas from "Plaintiff's ancestral lands without proper authorization or royal payment."  ECF No. 1.  With this Complaint and his Addendum, Plaintiff seeks a declaratory judgment confirming land ownership, injunctive relief halting unauthorized oil and gas extraction, damages for past royalties and restitution, record corrections, and costs and attorney fees.  ECF Nos. 1 and 3.  Plaintiff states he is bringing suit as Trustee on behalf of the R.T. and Shantae Hicks BEY Estate Trust.  ECF No. 9-1.  Additionally, based on a review of the Complaint and Addendum, there are numerous heirs of the estate of J Sol Smith and Louis Hicks with interests in this matter.  *Id.*

## II.    Applicable Law

The Court is obligated to screen this case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   Discussion

Plaintiff, who is proceeding *pro se*, is bringing suit as Trustee on behalf of the R.T. and Shantae Hicks BEY Estate Trust.  ECF No. 9-1. However, this representation is not allowed.  A non-lawyer trustee may not represent a trust *pro se* in federal court. *See Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994).  If a non-lawyer attempts to represent the interests of other persons or entities in court, that would be considered the unauthorized practice of law. *See Jones ex rel. Jones v. Corr. Med. Servs.*, 401 F.3d 950, 952 (8th Cir. 2005).  Any pleading filed by such an individual is a nullity.  *See id*. The R.T. and Shantae Hicks BEY Estate Trust is an entity that must be represented by a licensed attorney in proceedings before this Court.  There has been no contention that Plaintiff Rodney Tyree Hicks is a licensed attorney, and the complaint he purported to sign on behalf of R.T. and Shantae Hicks BEY Estate Trust is a nullity.

Additionally, it appears Plaintiff is attempting to bring this suit on behalf of others, namely the dozens of heirs of the J. Sol Smith and Louis Hicks estates.  ECF No. 9-3.  This type of representation is not allowed.  A *pro se* litigant like Plaintiff may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause.  A person must be litigating an interest personal to him.") As a result, Plaintiff cannot represent these heirs and has no standing to bring claims on behalf of the heirs who might have an interest or claim in this matter.

Finally, even if the Court were to find Plaintiff had standing, in his capacity as one of several heirs, but not on behalf of other heirs, the remaining heirs would be required to be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure, *see generally Serlin v. Samuels*, 101 F.R.D. 64, 66 (E.D. N.Y. 1984) (dismissing suit where other heirs to estate were omitted from suit brought by one heir).  These heirs' interests could raise issues under both subparts of that Rule: the Court's ultimate decision here may impair or impede the heirs' ability to protect their interest, and their absence here leaves the Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the other heirs' interest.  Fed. R. Civ. P. 19(a)(1)(B)(i), (ii).  These other heirs potentially have claims in the exact same property that the Plaintiff here asserts, because like the Plaintiff, they could be heirs of a family member that possessed an interest in the same subject property.  Therefore, the Court's decisions in this matter could affect their interests, and Defendants could be subject to multiple or inconsistent recoveries.

Without these other potential heirs, the court could not provide complete relief and Defendants could be subject to multiple and inconsistent outcomes.  Fed. R. Civ. P. 19(a)(1)(B)(i-ii).  Therefore, the Compliant should be dismissed for failure to properly join necessary parties.

## IV.    Conclusion

For the foregoing reasons, this Court recommends Plaintiff's Complaint (ECF No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) against Defendants be **DISMISSED WITHOUT PREJUDICE** because the Complaint Plaintiff purported to sign on behalf of R.T. and Shantae Hicks BEY Estate Trust is a nullity, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this lawsuit "fails to state a claim upon which relief may be granted."

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 18th day of May 2026.

/s/ *Spencer G. Singleton*

HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE